# Monongahela Valley Camp Meeting Association *versus* Robert Patterson.

## Hunter *versus* Same.

1. A. brought an action of ejectment against B. and others, obtained judgment and issued a writ of *habere facias possessionem*. To this writ the sheriff made return that as to all the defendants named in the writ he had delivered possession, but that he found in occupancy and possession of the premises a person who did not claim or hold possession under the defendants, but claimed to hold and " I believe did and does hold, by a paramount title, for and as the Monongahela Valley Camp Meeting Association, and who refused to deliver up possession of said premises." To A.'s petition for an order upon the sheriff to execute said writ, the sheriff formally answered, stating that he believed the title of the company was good as against A., and that the court had no power to make an order that he execute the writ, but omitting to mention whether he had asked indemnity of the plaintiff, or if it was refused. The association was not, in fact, in existence when B. and his associates got possession of the land, but was formed thereafter by B., his associates and others: *Held*, that the order was properly granted; that it was utterly impossible for A. to sue the association at the time his suit was brought, for it had not been formed, and as it was not in existence it could not be possessed of the land.

2. Undecided whether the sheriff and the association were entitled to a writ of error.

November 10th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

[Monongahela Val. Camp Meeting Assoc. *v.* Patterson.]

Error to the Court of Common Pleas, No. 2, of *Allegheny county* : Of October and November Term 1880, No. 100.

At No. 319, October Term 1876, a judgment was entered in favor of Robert Patterson, the defendant in error, plaintiff below, against John O'Neill, William M. Crump, S. S. Crump, John Adams, Rev. T. M. Boyle, John O'Neill, Jr., and R. B. Adams, Esq., the same being an action of ejectment brought by Patterson against the defendants, alleging that the title to a certain grove was in him and not in the defendants. No other person was a party to that action excepting the individuals named. The Monongahela Valley Camp Meeting Association of the M. E. Chnrch, the present plaintiff in error, was in no manner or form a party to that action, nor was any judgment ever entered against it.

At No. 319, October Term 1876, an habere facias was issued upon the above recited judgment. It was a writ by Robert Patterson in favor of Robert Patterson against John O'Neill, C. M. Westlake, W. K. Hobson, John O'Neill, William M. Crump, S. S. Crump, John Adams, Rev. T. M. Boyle, John O'Neill, Jr., and R. B. Adams, Esq. To this writ the Monongahela Valley Camp Meeting Association of the M. E. Church was not a party nor was it named therein.

On February 21st 1880, Robert Patterson, the defendant in error, presented a petition setting forth the action at No. 319, October Term 1876, and the judgment entered thereon and the hab. fa. that was issued thereon ; and further alleged that " the sheriff refuses to execute the writ of habere facias and deliver possession of the land to your petitioner," and that the sheriff assigned as a reason therefor " that a person was in possession of the land, holding the same under and for the Monongahela Valley Camp Meeting Association of the M. E. Church, and that said association was not a party to the writ," and praying the court to order and command the sheriff to execute the writ of habere facias by ejecting the said, the Monongahela Valley Camp Meeting Association, from the possession of said property.

Of this application notice was given to the Monongahela Valley Camp Meeting Association, and to the rule to show cause granted on said petition of Patterson, both the sheriff and the Monongahela Valley Camp Meeting Association filed answers. The sheriff replied, inter alia, " as against all the defendants, possession was delivered, but I found in the occupancy and possession of said premises a person who did not hold or claim possession under the defendants, or any of them, but claimed to hold by a paramount title for and as the servant of the Monongahela Valley Camp Meeting Association, and who refused to deliver up possession of said property. My writ, as aforesaid, was not against the Monongahela Valley Camp Meeting Association, and I declined until further investigation to remove by force the said parties in possession. Such further investigation and inquiry

I have made, and I am advised by my counsel and verily believe that the Monongahela Valley Camp Meeting Association hold possession of said property by a title paramount and superior to that of the defendants, or either of them, and as I am advised and as I believe, said title is good and effectual as against said Robert Patterson, and that said association is legally entitled to the possession of said property as against said Robert Patterson and all other persons."

The return of the sheriff on the said writ of habere facias is as follows:—

"I do hereby certify and return that as against all the defendants named in the within writ possession was delivered; but I found in the occupancy and possession of said premises a person who did not hold and claim possession under the defendants, or any of them, but claimed to hold, and, I believe, did, and does hold, by a paramount title for and as the Monongahela Camp Meeting Association, and who refused to deliver up possession of said premises."

The Monongahela Camp Meeting Association replied, inter alia, that they had had possession of the said property since July 1876, and that that possession was delivered to them by Robert Patterson, the plaintiff in the writ; that they took possession under and in pursuance of a proposition to them made by Patterson, and that they had remained in possession ever since; and that since the action of ejectment at No. 319, October Term 1876, aforesaid, was brought, that Patterson had accepted from them rent for the property; that they had a good and valid title to the property, and the right to possession of the same derived directly from Robert Patterson, and that as against all persons, and as against said plaintiff, that they were entitled to the possession and use of the said property; that they were in no way a party to or concluded or bound by the judgment entered at No. 319, October Term 1876, nor were they a party to or bound by the hab. fa. issued on the said judgment; and that they did not hold title to the property described in the said writ of habere facias possessionem, or any part thereof, under the defendants in the said writ or any of them.

The cause was heard on the petition of Robert Patterson, as aforesaid, and the answers of the sheriff and the camp meeting association, and on April 3d 1880, the court, Kirkpatrick, A. L. J., ordered that the sheriff execute the writ of habere facias and deliver possession of the land and the premises therein described to Robert Patterson.

The association and Hunter, the sheriff, took this writ and assigned for error the granting of the above order.

*D. T. Watson* and *W. C. Moreland*, for plaintiff in error.—The habere facias is the writ given by the law to enforce its judgment. On such a writ a stranger, not claiming under the defendants in the

[Monongahela Val. Camp Meeting Assoc. *v*. Patterson.]

writ, cannot be dispossessed: Herman on Executions, pp. 532 and 533.

Mr. Justice TRUNKEY, when on the Common Pleas bench of Venango county, in the case of Raw *v*. Stevenson, 24 Pitts. Leg. Jour. 145, exhaustively reviewed the authorities, and with great precision stated the rule to be deducible from all of them as follows: " It is the duty of the sheriff under a writ of hab. fa. to remove the defendant or any one claiming under him, but if any other person, one· not claiming under the defendant, but by and under a different title, be in possession, the officer cannot remove him from the premises under such writ. No tenant who is in possession of the premises anterior to the commencement of the action, can be dispossessed upon a judgment and writ of possession to which he is not a party. If a tenant whose possession is distinct from that for which the action is brought be turned out, he may have a writ of restitution." See also Clark *v*. Parkinson, 10 Allen (Mass.) 133, where the same rule is laid down.

Assuming that the judgment of the court was entirely consistent with the facts of the cause as presented, it raises upon this record for determination the simple question whether these parties, the real lessees, who were not a party to the record in the court below, nor in any manner concluded by the judgment have not the right to resist the sheriff under his writ of habere facias, for if it is true that there was an outstanding title and right of possession in a third party, whose right to that possession never was passed upon nor involved, and who never had his day in court, can it be contended that a judgment obtained against a stranger would so far conclude this' party that under a writ of habere facias the party thus holding this paramount title would be compelled to surrender it, and seek his remedy either by a petition for restitution or an action of ejectment.

A writ of error was the proper remedy for review: Cadmus *v*. Jackson, 2 P. F. Smith 295; Finney *v*. Crawford, 2 Watts 294; Harger *v*. Commissioners, 2 Jones 251; Hanover et. al. *v*. Craighead, 5 Barr 470; Pontius *v*. Nesbit et al., 4 Wright 309; O'Hara *v*. Penna. Railroad Co., 2 Grant's Cases 241.

*William L. Chalfant* and *Miller & McBride*, for defendant in error.—The record in the action of ejectment and the answer of the association show clearly that the ejectment was brought against individuals proposing to form a corporation, who set up the title that was to inure to their corporation, and were defeated. The organization of the corporation is claimed now to have been completed before the termination of the ejectment suit, while its members were in court defending upon its title, and, although it now claims to hold by title paramount, it gives no excuse for not intervening to protect its rights, nor does it allege a single fact to sus-

tain its title that was not set up on the trial. It is said, in the opinion of this court, refusing re-argument, that "the defendants were members of the association; were active in its business; some, if not all, were on its committees."

No writ of error lies at the instance of this association. The court cannot, on a writ of error, judge of the regularity of an execution issued in the court below, where the question involves matters of fact which do not appear on the record: Richter v. Rittenhouse, 3 Rawle 273; Servis v. Amor, 3 Barr 460.

We contend, therefore, 1. That the writ of error taken here will not lie; and 2. That the petition and answer, so far as they set forth facts, show clearly that the title to the possession of the land in dispute, as claimed by the association, is the same as that adjudicated upon in the action of ejectment, and that the parties for the purposes of this case are the same.

The sheriff has also sued out a writ of error, and we have in this case the novel spectacle of an executive officer assuming to decide for himself legal questions, and refusing upon such decision to obey the mandate of the court. His motive does not concern this argument, and we may concede the right of a sheriff in a proper case to be protected in the execution of process; but we have a right to say that he did not, at any time, demand indemnity, well knowing that if demanded it would have been promptly furnished.

Mr. Justice TRUNKEY delivered the opinion of the court, November 22d 1880.

The sheriff returned the habere facias possessionem as follows: "I do hereby certify and return that, as against all the defendants named in the within writ, possession was delivered, but I found in occupancy and possession of said premises a person who did not claim or hold possession under the defendants or any of them, but claimed to hold, and I believe did and does hold, by a paramount title, for and as the Monongahela Valley Camp Meeting Association, and who refused to deliver up possession of said premises." To the plaintiff's petition for an order upon the sheriff to execute said writ, the sheriff formally answered, stating among other things that after investigation he believes the title of said company is good as against Patterson, that the court has no power to make an order that he execute the writ, and omitting to mention whether he asked indemnity of the plaintiff or if it was refused. He was not persuaded that the company was in possession anterior to the commencement of the action, at least he does not say so. But it was his right to have a decision of the court before turning out the intruder, and the form of his proceeding to obtain it is immaterial. "When there is any doubt as to how or by what claim of right a person intrudes upon land, the sheriff cannot be compelled without

the direction of the court to remove such person, and in all such cases of doubt the officer should, before removing the party, require that the plaintiff first apply to the court, on notice to such person, for an order directing the sheriff to remove him :" Crocker on Sheriffs, sect. 575; Herman on Ex., sect. 351.

The company answered, claiming that it was incorporated in October 1876, that possession was delivered to it in July 1876, under and in pursuance of a written proposition to lease which it accepted, and that it has held possession ever since; it also claims a good and valid title and right of possession directly derived from Patterson. Its claims are nearly identical with the grounds of defence set forth in the defendants' abstracts of title and which they advanced at the trial. When the suit was commenced there was no such artificial person as this association—it was contemplated. Natural persons had possession, were served with process, made defence, and verdict and judgment were rendered against them. Not one disclaimed possession. They were the persons who negotiated with and obtained possession from the plaintiff, and if they did not hand it over to the corporation it is an intruder. Whatever title and possession the association has it got through the agency of the defendants, and it is clear that when the suit was brought, as well as when the possession was delivered and taken, the corporation was not in existence. When the association says it took possession in July, it means, of course, that the defendants took possession, who subsequently, perhaps with others, became incorporated. That it did not come into possession by collusion with defendants, doubtless, is literally true, and the presumption is strong that it took from the defendants with actual knowledge of the pending ejectment.

The learned counsel for the sheriff and association cite Clark *v.* Parkinson, 10 Allen 133, as ruling this case against the plaintiff. There the party claiming paramount title was in possession anterior to the suit, and the plaintiff did not make him a defendant; it was held that neither his title nor right of possession had been adjudicated in the case the plaintiff had chosen to present. Reference is also made to Raw *v.* Stevenson, 24 Pitts. L. J. 145, a case where Raw, by due legal proceedings, while the ejectment was pending, without connivance or consent of the defendant, obtained possession, and claimed by title hostile to both the plaintiffs and defendants in the ejectment. It was said that had he got into possession, by any trick or abuse of legal process, he ought to be treated as an intruder. Moreover, the conduct of the plaintiff in procuring the judgment, which was the foundation of his sheriff's deed, so clouded his title that it was evidently considered of no validity as against Raw.

Here, it was utterly impossible for the plaintiff to sue the party, now claiming title, at the date he commenced suit. This party was not added, and the writ served on it by the sheriff, which was his

statutory duty had it been in possession, for a person not in being cannot be possessed of land. The claimant was brought forth after the action was begun, and acquired its possession from the defendants. We are of opinion that the learned judge of the Common Pleas was clearly right in his conclusion.

Under the circumstances, we deemed it better to consider the alleged error; but whether these parties were entitled to writs of error is not decided.

The order, dated April 3d 1880, is affirmed.