## HENRY HESSEL v. C. S. FRITZ.

124 229
124 235

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF PHILADEL-
PHIA COUNTY.

Argued January 15, 1889—Decided February 18, 1889.*

*(a)* On a rule to show cause why the sheriff should not proceed to execute a writ of habere facias, issued after a judgment for the plaintiff in an action of ejectment, the sheriff answered that he found another in possession, claiming to hold by a paramount title.

*(b)* The person in possession also answered, claiming that he was in possession before the action of ejectment was instituted, and held, not under defendants therein, but under title paramount to that of the defendants, had not been made a party to said action, and remained in possession when the habere facias issued.

1. In such case, it was error to make the rule absolute and order the claimant in possession to be ejected, without hearing or trial and without a day in court ; and, as by said order the claimant was brought upon the record, he was entitled to a writ of error in his own name upon which to review the proceeding.

*See the next case.

Statement of Facts.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM, and MITCHELL, JJ.

No. 15 July Term 1888, Sup. Ct.; court below, No. 600
December Term 1887, C. P. No. 1.

On January 11, 1888, upon an affidavit filed with a copy of
a lease from James P. Rossiter to Jacob B. Lefevre and Wm.
T. Lancaster, the reversion and rental due thereon having
been assigned by the lessor to Clinton S. Fritz, and under the
authority of a provision in said lease, a judgment in ejectment
for the demised premises, to wit, a store-room and cellar at
the corner of Tenth and Race streets, was confessed in favor
of " Clinton S. Fritz, assignee of James P. Rossiter, against
Jacob B. Lefevre and William T. Lancaster, trading as Lefevre
& Lancaster, and all persons claiming under them." On the
same day writs of fieri facias and habere facias were issued,
returnable to the first Monday of February, 1888.

On January 14, 1888, one Henry Hessel presented his peti-
tion setting forth that he was in possession of the premises
before the commencement of the action, not claiming to hold
under the defendants, and prayed for a rule to set aside the
judgment and proceedings thereunder. This rule having been
heard on depositions filed, on January 21, 1888, it was dis-
charged.

The writ of habere facias being as yet unexecuted, on March
22, 1888, the plaintiff obtained a rule to show cause why the
sheriff should not proceed to execute the same, when the sheriff
answered that he had gone upon the premises to execute said
writ and found them to be in the possession of one Henry
Hessel, who was not a party to the proceeding and who claimed
to hold by a paramount title, as appeared by his "answer"
attached; in view of which facts the respondent was advised,
etc. Attached to the sheriff's answer to the rule was a paper
signed and verified by Henry Hessel, entitled, " The answer
of Henry Hessel to the rule on the sheriff," etc., which set.
forth, inter alia, as follows:

" That at the time of the commencement of said action of
ejectment and the entry of the judgment, and issuing execu-
tion thereupon, the said Lefevre and Lancaster were not in
possession of the said premises, and had not been in possession

of the same since, to wit, the seventeenth day of March, A. D. 1887, but that your respondent, the said Henry Hessel, was then and there in possession of these said premises at the time when the said action of ejectment was commenced and the judgment confessed, and the writ of habere facias possessionem was issued.

"That your respondent does not claim to hold the said premises by or under the said Lefevre & Lancaster, the defendants, or by or through the plaintiff, Clinton S. Fritz; or by or through or under any persons claiming by, through or under them or either of them. That your respondent holds the premises aforesaid by, through or under the said James P. Rossiter, as agent of the owners of the said premises; that your deponent did, to wit, on the sixteenth day of August, A. D. 1887, obtain possession of the said premises, by a lease from said Rossiter, as agent as aforesaid, by the terms of which agreement the said deponent was to pay the said Rossiter, agent, the sum of twenty-five dollars monthly for each and every month he remained in possession, and was to hold the premises from year to year, until three months' notice was first given him at the expiration of his then current year; that in pursuance of this agreement, your deponent entered into possession of said premises, and has continued to hold them; that your deponent has not received any notice from his landlord, the said Rossiter, to quit the premises, nor could he give him any notice except three months prior to the sixteenth day of August of any year."

On April 7, 1888, the court in banc, ALLISON, P. J., made absolute the rule upon the sheriff to proceed to execute the writ of habere facias, when Henry Hessel took this writ, assigning as error the order making the said rule absolute.

*Mr. William C. Mayne*, for the plaintiff in error:

In this case, the practice as laid down by this court in Monongahela Val. Camp Meeting Association v. Patterson, 96 Pa. 469, was followed.

*Mr. Louis Boss*, for the defendant in error:

On an appeal or writ of error, the only parties the court can know are those on the record: Harrison v. Nixon, 9 Pet.

483 ; Bayard v. Lombard, 9 How. 530 ; Connor v. Peugh, 18 How. 394 ; Payne v. Niles, 20 How. 219.

OPINION, MR. JUSTICE GREEN :

When the sheriff made return to the rule to show cause why he should not execute the writ of habere facias issued by Fritz, assignee of Rossiter v. Lefevre & Lancaster, he returned that he "found the premises to be in the possession of one Henry Hessel, who is not a party to the present proceeding, and who claims to hold by a paramount title, as appears by his answer hereto annexed."

The answer of Hessel to the rule was annexed to the sheriff's return, and by it it appears that the plaintiff in error was in possession of the premises, not under Lefevre & Lancaster, who were defendants in the judgment, but under a title paramount to them.

Notwithstanding this return of the sheriff, and also the return of Hessel to the rule, the learned court below made absolute the rule for executing the writ, and directed the sheriff to proceed with the habere facias against Hessel. As Hessel was thus brought upon the record, and as the order directly affected his right to the possession of the premises in dispute, he is clearly entitled to a writ of error. The return made by Hessel shows that he obtained possession by virtue of a lease from Rossiter as agent for the owners, on the 16th day of August, 1887. The terms of the lease are set out, and also that under it he (Hessel) entered into possession, and continued therein until the time of the present proceeding. The amicable action and judgment against Lefevre & Lancaster were not entered until January 11, 1888, and Hessel was not made a party thereto, although he was then in possession. In this state of the facts it is apparent that although Hessel was in possession anterior to the judgment, and claimed by title paramount to that of the defendants in the judgment, and not under them at all, he was ordered to be ejected without hearing or trial, and without a day in court. That such an order made in such circumstances was erroneous, was clearly pointed out in the opinion of this court in the case of Monongahela Valley Camp Meeting Association v. Patterson, 96 Pa. 469, and for that reason the order to eject Hessel must

be reversed. In the case just cited the order to eject was affirmed because, in point of fact, when the suit was commenced, the association claimant had no existence ; " natural persons were in possession, were served with process, made defence, and verdict and judgment were rendered against them. Not one disclaimed possession." The facts were therefor entirely different from those of the present case.

> The order of April 7, 1888, directing the sheriff to execute the writ against Henry Hessel is reversed.

(*a*) On a rule to show cause why the sheriff should not proceed to execute a writ of habere facias, issued after a judgment for the plaintiff in an action of ejectment, the sheriff answered that he found another in possession claiming to hold by a paramount title.

