## HENRY HESSEL v. M. T. JOHNSON, AGENT.

ERROR TO THE COURT OF COMMON PLEAS NO. 3 OF PHILADEL-
PHIA COUNTY.

Argued January 24, 1889—Decided February 18, 1889.*

(*a*) On a rule to show cause why the sheriff should not proceed to execute a writ of habere facias, issued after a judgment for the plaintiff in an action of ejectment, the sheriff answered that he found another in possession claiming to hold by a paramount title.

(*b*) The person in possession also answered, claiming that he was in possession before the action was instituted, holding under a verbal lease made to him by the defendant therein, as agent of the owners or reputed owners of the premises, and that he had held continuously until the date of his answer.

1. In such case, as it did not appear by the claimant's answer that the defendant was the lawfully constituted agent of the owners, and the names of the latter were not disclosed, it was not error to make the rule upon the sheriff to execute the writ of habere facias absolute.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM, and MITCHELL, JJ.

No. 184 July Term 1888, Sup. Ct.; court below, No. 669 March Term 1888, C. P. No. 3.

On May 16, 1888, upon an affidavit filed with a copy of a

---

* See the preceding case.

lease by Moses T. Johnson, agent for Horatio M. and Mary Bell Allen, to James P. Rossiter, dated January 22, 1886, demising a messuage and tenement at Tenth and Race streets, for the term of fifteen months from January 1, 1886, and under the authority of a provision in said lease, a judgment in eject-ment for the demised premises was confessed in favor of " Moses T. Johnson, agent for Horatio M. Allen and Mary Bell Allen, to the use of Clinton S. Fritz, against James P. Rossiter."

On June 5, 1888, a writ of habere facias and a writ of fieri facias for costs were issued. On June 11th, the sheriff made return to the writ of habere facias that he went upon the prem-ises and found the first floor and cellar thereof " in the posses-sion of one Henry Hessel, who claims by a title paramount to the defendant in these proceedings, as appears by his affidavit served upon me and which I hereunto annex."

The affidavit of Henry Hessel attached to said return set forth, inter alia, as follows :

" That affiant is in possession of said premises by, through and under a verbal lease made to and with James P. Rossiter, as agent of the owners or reputed owners of the said messuage or tenement, made on the sixteenth day of August, A. D. 1887, and that he has held possession thereof continuously to this date.

" That the said James P. Rossiter is not now, nor never has been, possessed of the said floor and cellar of said messuage or tenement in said writ of habere facias possessionem described, and that affiant does not hold possession of the same by, through or under the said James P. Rossiter.

" That a writ of habere facias possessionem has previously been issued and directed against the said part of the said messuage or tenement by the said Clinton S. Fritz, as assignee of the said James P. Rossiter, directed against one Lefevre & Lancaster, to which your petitioner made his return, setting up his possession, and the right by which he held the same as set up in this petition, and upon the court below ordering and directing the sheriff to proceed and eject your petitioner, the Supreme Court, upon a writ of error brought, granted affiant a rule on the sheriff to withhold proceedings on said writ of pos-session, pending the writ of error, which is made returnable to

the first Monday of January, A. D. 1889, and which is still pending and undetermined, and further deponent saith not."

On June 21, 1888, upon the petition of the use plaintiff, a rule upon the sheriff to show cause why he should not proceed to execute the writ of habere facias was granted. On June 30th, after argument, the court in banc, FINLETTER, P. J., made said rule absolute, whereupon Henry Hessel took this writ, assigning the order making the rule absolute as error.

*Mr. Wm. C. Mayne,* for the plaintiff in error:

Hessel was not a party to the judgment; he was in possession anterior to the proceedings in ejectment and was not made a party to the record. He was not claiming by, through, or under any of the parties to the record, but adversely. The practice as laid down in Monongahela Val. Camp Meeting Association v. Patterson, 96 Pa. 469, was followed.

*Mr. Rowland Evans* (with him *Mr. R. L. Ashhurst*), for the defendants in error:

It makes no possible difference what Rossiter may have professed to be, or what Hessel may have supposed him to be. The fact being indisputable that Rossiter was a lessee, he could not bind the owners by any lease longer than his own term, nor could any one dealing with him acquire more than he could lawfully give. It is the duty of the sheriff under a writ of habere facias to remove the defendant or any one claiming under him: Monongahela Val. Camp Meeting Association v. Patterson, 96 Pa. 474; Whiting v. Lake, 91 Pa. 353.

OPINION, MR. JUSTICE GREEN:

In the case of Hessel v. Fritz, just decided, Hessel claimed title, not under the defendants in the judgment, but under a lease made by one Rossiter as agent for the owners anterior to the entry of the judgment. We there held that he was not bound by the judgment and was entitled to a hearing before being ejected. In the present case the facts are entirely different. The judgment in favor of the owners is against Rossiter and it is good against him and all who claim under him no matter in what capacity he might assume to act in leasing the premises.

Hessel's affidavit alleges that he claims under Rossiter by

virtue of a lease made by Rossiter, ostensibly as agent for the owners or reputed owners, on August 16, 1887. The affidavit simply alleges that the lease thus made by Rossiter was a verbal lease without disclosing any of its terms, or any facts as to how or in what manner the alleged agency of Rossiter was established. It is not possible to know from Hessel's affidavit whether Rossiter was a lawfully constituted agent of the true owners, since no act or acts of theirs nor even their names are disclosed. This is a fatal defect which cannot be cured by any intendment possible to be made upon any facts appearing on the record.

As Rossiter was defendant in the judgment, he is certainly bound by it in any event. The copy of the lease set forth in the paper book shows that there was no agency of any kind between the owners and Rossiter, but only the relation of landlord and tenant. Of course Hessel in taking any kind of lease from Rossiter was bound by the true state of his title, and cannot defeat the owners either by an unlawful assumption of agency on the part of Rossiter, or by a good faith contract on the part of Hessel upon the theory of a lawful agency. If Rossiter assumed to act as agent for the owners, in his lease to Hessel, this assumption alone was notice to Hessel, quite sufficient to put him upon inquiry as to the true state of Rossiter's title; and if he failed to make such inquiry he is as much bound by it as if he had been truly informed of it. In no point of view could Hessel claim under Rossiter in any capacity, without being bound by the true state of Rossiter's title.

The order of the court below making absolute the rule to execute the writ of habere facias is affirmed with costs.