## Kelly *v.* Northrop. Leisenring's Appeal.

*Ejectment—Habere possessionem—Landlord and tenant.*

After a judgment in an amicable action of ejectment under a lease, the sheriff will be ordered to proceed to execute the writ of habere possessionem in favor of the plaintiff, although a third person intervenes by an answer to a rule on the sheriff to proceed, and avers that defendant was not in possession and that claimant had been in possession in her own right prior to the execution of the lease, and that she did not claim under defendant or under any one claiming by or under him.

Argued Jan. 17, 1894. Appeal, No. 114, Jan. T., 1894, by Lydia A. Leisenring, from order of C. P. No. 2, Phila Co., Sept. T., 1893, No. 822, Kelly et ux. v. Northrop, making absolute rule on sheriff to execute writ of habere possessionem. Before Sterrett, C. J., Green, McCollum, Mitchell and Fell, JJ.

Rule on sheriff to execute writ of habere possessionem.

From the record it appeared that the rule was taken in an amicable action of ejectment with confession of judgment between George A. Kelly and wife and Frank Northrop, founded upon a lease dated Sept. 30, 1890.

The lease contained an agreement for the entry of such amicable action and judgment after ten days' notice of failure to comply with any of its conditions. An affidavit of plaintiff averred that rent amounting to over $300 for part of the month of September, and all of the month of October, was unpaid, and that ten days' notice had been duly given on Oct. 18, 1893, by serving a copy thereof on the premises, 1338 Walnut street.

A writ of hab. fa. poss. was placed in the hands of the sheriff, and subsequently a rule was taken on the sheriff by the plaintiff to show cause why he should not proceed. To this rule he filed a special return setting out that when he went to 1338 Walnut street, the premises in question, he was notified by affidavit of Lydia A. Leisenring, who was not a party to the proceedings, that she claimed to hold possession in her own right. To which return he annexed the answer of Lydia A. Leisenring, the present claimant, wherein she averred that the defendant was not in possession of the premises, nor had he ever been in possession, but resided with his family in the city of New York, and had resided there for more than two years; that before and at the time of the entry of such judgment she had been, and still was, in actual possession of said premises, and had been in possession thereof since October 1, 1888, in her own right; that she had not and did not claim to hold the said premises under the said Frank Northrop, or under any one claiming by or under him, but claimed the right of possession was in her and not in the said plaintiffs. He also annexed the answer of W. Gardner Crowell, who alleged he occupied the second story of said premises under a lease from Frank Northrop, the defendant, to which answer a copy of the lease was attached. Also the answers of Maximillion West, M. D., William Duffield Robinson, M. D., and R. G. Barclay, who answered that they were in possession of the first floor of said building under Frank Northrop, and attached the lease for the same. The court made the rule upon the sheriff absolute.

*Error assigned* was above order.

*Dwight M. Lowrey, Arthur U. Bannard* with him, for appellant, cited: Sedgwick & Wait on Trial of Title to Land, 2d ed., § 546; Rawley v. Brown, 71 N. Y. 85; Green v. Kellum, 23 Pa. 254; Fisher v. Phila., 75 Pa. 397; Fussell v. Gregg, 113 U. S. 550; Killian v. Ebbinghaus, 110 U. S. 568; A. & E. Enc. L., p. 245; Heffner v. Betz, 32 Pa. 376; Hessel v. Fritz, 124 Pa. 229; Hessel v. Johnson, 124 Pa. 233.

*C. Berkeley Taylor*, for appellees, not heard, cited: 2 T. & H. Pr. 1891; Adams on Ejectment, 411; Simpson's Heirs v. Shan-

non's Heirs, 5 Litt. (Ky.) 322; Gilbert on Ejectment, 110;
Johnson v. Fullerton, 44 Pa. 466; Monongahela Valley Camp
Meeting Assn. v. Patterson, 96 Pa. 469; Hessel v. Johnson,
124 Pa. 233; Krepps v. Mitchell, 156 Pa. 320.

PER CURIAM, January 29, 1894:
We find no error in this record. Neither of the specifica-
tions is sustained.

· The order making absolute the plaintiff's rule on the sheriff
to show cause why he should not proceed to execute the writ
of habere facias possessionem, etc., is affirmed, with costs to be
paid by appellant.