## Charles Nehr, Appellant, *v.* Samuel Krewzberg.

*Practice, common pleas—Parties—Stranger to suit.*

A person not a party to a suit, cannot be heard, except on motion to be made a party.

*Landlord and tenant—Parties—Ejectment.*

Where a judgment has been entered on an ejectment clause in a lease, claiming title to the leased property gives one who is not a party to the record no standing to have the judgment opened.

*Landlord and tenant—Denial of landlord's title.*

A tenant cannot deny the landlord's title under whom he holds possession; nor can he, by trick or artifice, put into possession the claimant of a hostile title. If he desires to aid such claimant in the assertion of title against his landlord, he must first surrender possession to the landlord from whom he obtained it.

Argued March 22, 1898. Appeal No. 262, Jan. T., 1897, by plaintiff, from order of C. P. No. 1, Phila. Co., March T., 1897, No. 1238, making absolute a rule to open judgment. Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ. Reversed.

Rule to open judgment entered under ejectment clause in a lease. Before CRAIG BIDDLE, P. J., and BRÉGY, J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was the order of the court.

*Henry N. Wessel,* with him *Albert D. Wilson,* for appellant.— A person not a party to a suit may make no motion therein, except to be made a party: Hawes's Parties & Action, sec. 8; Mitchell on Motions and Rules, 11; Linn v. Wheeler, 21 N. J. Eq. 231; Esterbrook v. Ahern, 31 N. J. Eq. 3; Trammel v. Simmons, 8 Ala. 272; Sankey's App., 55 Pa. 491; Marshall v. Witte, 1 Phila. 117; Clymer v. Fitler, 1 W. N. C. 626; Phila. v. Peterson, 3 W. N. C. 292; Brightly's Troubat & Haly's Practice, sec. 1469; Phila. v. Jenkins, 162 Pa. 451; Young v. Levy, 41 W. N. C. 294; Weeks v. Clause, 19 W. N. C. 108.

But even though Scales, the tenant, was entitled to be heard in this proceeding, it is exceedingly difficult to understand how

he would be entitled to have the writ in this case stayed in its execution as against him : Weeks v. Clause, 19 W. N. C. 108; Heritage v. Wilfong, 58 Pa. 137; Mohan v. Butler, 17 W. N. C. 434; Newell v. Gibbs, 1 W. & S. 496; Hessel v. Johnson, 124 Pa. 233; Krepps v. Mitchell, 156 Pa. 320; Kelly v. Northrop, 159 Pa. 537; Lytle v. Mehaffy, 8 Watts, 267; Welsh v. Bell, 32 Pa. 12; Weidensaul v. Reynolds, 49 Pa. 73; Brightly's Troubat & Haly's Practice, secs. 1118, 1221; Stahle v. Spohn, 8 S. & R. 317.

*John Monaghan*, with him *David Phillips*, for appellee.— . Under the blended system of law and equity in Pennsylvania, a practice has arisen to permit a party in possession, not the defendant, or any one claiming under him, by title paramount, to come into court by petition or affidavit alleging such title, and thereupon the court, after considering such title and determining that it is paramount, will direct the sheriff to decline to execute the writ and force the plaintiff to bring an action of ejectment against such possessor : Krepps v. Mitchell, 156 Pa. 320; Kelly v. Northrop, 159 Pa. 539; Hessel v. Fritz, 124 Pa. 229.

Prima facie all that come into possession after action brought must go out, for the presumption is, nothing to the contrary appearing, that they came in under the defendant; but the prima facie case is rebutted when it appears that some person other than the defendant is in possession under title adverse to his; for the right to possession flowing from such title has not been determined by the judgment : Huerstal v. Muir, 64 Cal. 450.

The claimant, Isaac Scales, is admittedly in possession of the premises in dispute under Frank W. Tibbals, who is the sole owner of the premises, and has been such owner since 1875. The plaintiff in the case is admitted to be without any title whatsoever to the said premises, and has no claim in law or equity against the same.

OPINION BY MR. JUSTICE DEAN, July 21, 1898 :

On November 7, 1896, Nehr, by writing, let to Krewzberg, from month to month, at the rental per month of $8.00, payable in advance, a dwelling house, 2231 on Clarence street, Philadelphia. Krewzberg covenanted that he would not assign

the lease or underlet the premises without the written consent of Nehr. To this was appended a power of attorney to confess judgment in ejectment against the lessee and in favor of lessor, on any breach of covenant by lessee, with right to lessor on proper writ to resume possession. Krewzberg paid the monthly rental promptly until April, 1897, five months, when he made default. On April 24, Nehr entered judgment in ejectment and issued a writ of habere facias and put it in hands of the sheriff; but before he had time to execute it, on April 29, five days after its issue, Krewzberg presented to the court an affidavit, averring that he had ceased paying rent to Nehr because he had been notified by Frank W. Tibbals, the real owner of the premises, to stop such payment. This he accompanied with an affidavit of Tibbals that he was the sole and absolute owner, and that Nehr had no right, title or interest therein. Thereupon, the court below awarded a rule to show cause why the writ of habere facias should not be set aside, the judgment opened, and defendant let into a defense; all proceedings to be stayed in the mean time.

Before the hearing of the rule, one Isaac Scales made affidavit that Krewzberg had been dispossessed of the premises, and that he had entered into possession under Tibbals, the owner; that Charles Nehr, the lessor of Krewzberg, never had title; on the contrary, that Tibbals had title by deed from 1875; that Nehr was a son of a woman, who had formerly been a tenant of Tibbals, and through her he had gone into and wrongfully usurped possession, and undertook to lease the premises. On June 9, 1897, the court below made the rule absolute, the effect of which was to leave Tibbals in possession, through his tenant Scales. To this decree, Nehr excepted, and now appeals to this Court, assigning for error the decree.

Scales, who obtained possession while the writ was pending, and now retains it, evidently went in under collusion with Krewzberg, Nehr's tenant; neither he nor his pretended landlord were parties to the judgment in favor of Nehr; they had no standing in court, not being parties thereto, to deny its conclusiveness as between the parties, or to object to the writ issued at the foot of it. A person not a party to a suit cannot be heard, except on a motion to be made a party: Mitchell on Motions and Rules, page 11. Both Scales and Tibbals were mere

strangers to the record as it stood, and had no right to be heard. By the record, Nehr had been in possession, and claimed to be owner,—he leased to Krewzberg. The tenant, under all the authorities, could not deny the landlord's title under whom he held possession; nor could he, by trick or artifice, put into possession the claimant of a hostile title. If he desired to aid Scales and Tibbals in the assertion of their title against his landlord, he must first surrender possession to the landlord from whom he obtained it. There are numerous authorities on the question, probably the latest is Kelly v. Northrop, 159 Pa. 537. In that case, a lease with power of attorney to confess judgment was made of premises 1338 Walnut street, by Kelly to Northrop; on nonpayment of rent judgment was confessed and habere facias issued; when the sheriff undertook to deliver possession he was confronted by one Lydia A. Leisenring who claimed the premises in her own right. A copy of her affidavit, averring that she held the premises, not under or from Northrop, Kelly's tenant, but that her possession was in her own right, and for more than two years had been, was filed. A rule was then taken on the sheriff to show cause why he should not proceed under his writ and deliver possession to Kelly, the landlord, which rule was made absolute. From this decree, an appeal was taken to this Court, and the decree affirmed.

Krepps v. Mitchell, 156 Pa. 320, cited by appellee, was an ejectment. Thompson asked leave to join Mitchell in defending, which Mitchell successfully opposed; on judgment against Mitchell, and habere facias issued, the sheriff dispossessed Thompson's tenant Ritchie. On appeal by Thompson, the writ was set aside as to him, because his title was not in controversy, by reason of the adjudication which denied him the right to intervene. The case has no bearing on the question before us. So with the other cases cited, the successful complainants were in possession at the institution of the ejectments, and were not served, and did not become parties. Here, when the judgment in ejectment was had, and for months before, the only party in possession was Krewzberg, Nehr's tenant. Nehr, on the record, is entitled to possession. If he has not the title and right of possession, the method of procedure to determine that fact is not unknown. The title, as between him and a stranger, cannot be determined on a rule to show cause between him and his tenant.

The decree of the court below is reversed, and it is directed that the sheriff proceed to execute his writ, by delivering possession of the premises to Nehr, the plaintiff, as he is therein commanded.