## McKinney *v.* Russell, Appellant.

*Ejectment—Lands within writ—Execution—Parties — Husband and wife.*

Where an action of ejectment has been successfully prosecuted against a husband for a strip of land lying between the plaintiff's land and that of the wife of the defendant, and the verdict is amended without notice to the wife so as to call for the wife's line as a boundary, instead of a borough line, mentioned in the writ, and thereafter the wife buys an outstanding interest in the land involved in the ejectment with full knowledge of the ejectment, the wife cannot object to a writ of habere facias possessionem issuing against her as well as her husband. In such a case the plaintiff is entitled to all the land included in the writ of ejectment. If some of the wife's own land is included she has her remedy by an ejectment against the plaintiff. If the outstanding title which she bought in, is good, she must establish it in another proceeding.

The fact that a small coal house was built on the land covered by the writ and occupied by the wife, is immaterial, inasmuch as such occupancy under her husband's title cannot be tied to her after-acquired title so that it might be said that she was in possession of the land before the institution of the ejectment.

A judgment in ejectment does not bind one who does not hold possession under the defendant and is not a party to the judgment.

Argued April 18, 1917. Appeal, No. 112, April T., 1917, by defendant, from order of C. P. Butler Co., June T., 1915, No. 81, making absolute rule to issue writ of habere facias possessionem in case of Alex. B. McKinney v. W. G. Russell and Clara W. Russell. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Rule for writ of habere facias possessionem. Before REIBER, P. J.

The opinion of the Superior Court states the facts.

128, (1917).] Assignment of Error—Opinion of the Court.

*Error assigned* was order making absolute the rule.

*John H. Wilson,* with him *James M. Galbreath,* for appellants.

*S. F. Bowser,* with him *John R. Henninger,* for appellee.

OPINION BY KEPHART, J., July 13, 1917:

This is an appeal from an order directing an alias writ of habere facias possessionem to be issued against W. G. Russell. The writ contained instructions to the sheriff to eject the defendant and his entire family, including his wife, Clara W. Russell, from the possession of the land described in the petition for the writ: Johnston v. Fullerton, 44 Pa. 466. Clara Russell in 1888 purchased from Mary Wick a piece of land in West Sunbury, Butler County. McKinney, the plaintiff, owned land which he claimed adjoined the Russell lot. W. G. Russell, believing that there was land between his wife's lot and the McKinney land, obtained a deed for this supposed unoccupied land, and went into possession of it. McKinney instituted this action of ejectment to determine the title to this land. On October 12, 1912, a verdict was found in McKinney's favor for the land as described in the writ. On April 5, 1915, the verdict, which read in part, "on the west by the eastern boundary line of the Borough of West Sunbury," was amended to read, "on the west ......by land of Mrs. Clara Russell, her eastern line being the eastern line of the Borough of West Sunbury," and as amended the judgment was then entered. An appeal was taken to this court, on which a judgment of nonpros was duly certified June 5, 1916. This writ of habere facias possessionem was awarded August 16, 1916.

It is the contention of Clara Russell that the verdict as amended contained a description which materially affected her property right in land purchased from Mary Wick, not embraced in the ejectment proceeding, and

the direction to the sheriff to eject her from the premises described in the habere facias would, without her having an opportunity to be heard, place the defendant in possession of land not included in his writ of ejectment. The verdict as amended would have no effect in determining her title to land purchased from Mary Wick. Such an amendment, of which she had no notice or opportunity to defend, would not be effectual to pass title or possession, or estop her from asserting all her rights under that conveyance. It would not fix her eastern line as the eastern boundary of the Borough of West Sunbury if such were not the case. If this is a disputed line, subsequent litigation must settle it. A judgment in ejectment does not bind one who does not hold possession under the defendant and is not a party to the judgment, and Clara Russell, as to the Wick land, was not such party. The appellee contends that the verdict as amended does not include any land held by Clara Russell under the Wick deed. The evidence taken on the rule seems to indicate that no part of the Wick land is included in the judgment as entered. The plaintiff is entitled to the possession of all of the land included in his writ of ejectment: Johnston v. Fullerton, supra; Monongahela Val. Camp Meeting Assoc. v. Patterson, 96 Pa. 469; Kelly v. Northrop, 159 Pa. 537; White v. Robinson, 3 Pennypacker 222. Under the authority of Johnston v. Fullerton, supra, and other cases, if Clara Russell was in possession of or owned any part of that land, it was the husband's duty to defend that possession. But this would have no bearing on the Wick land, and appellant would in no manner be prejudiced by this judgment or any recital in the amended verdict. We therefore hold that the execution of the writ of habere facias, so far as Clara Russell is concerned, cannot be beyond the writ of ejectment, and from the state of the record as presented to us, we cannot say that the amended verdict does go beyond the original writ. As to the land that was clearly within the action of ejectment, the order di-

recting that Clara Russell, as the wife, be ejected from the premises, was proper. As to this same land, after judgment in ejectment, she obtained an outstanding title. She now proposes to hold the possession under this title, so that the plaintiff may be deprived of the fruits of his verdict and be compelled to institute another ejectment against her. This she cannot do. She admits that she knew all about the action of ejectment as it affected this particular land, and she knew that a judgment of non-pros had been entered in this court. Before the alias writ was issued she purchased the outstanding title, with the intention of holding the possession of the land recovered in the ejectment. Having actual knowledge of the pending ejectment, and with the deliberate intention of evading its effect as against her husband, she cannot profit by holding possession of the land as against the plaintiff. If her title so purchased is good, it can and must be established in another proceeding. The execution of the writ of habere facias would affect her possession only, not her title.

There is but one slight occupancy of the wife under the Wick deed which might be said to conflict with the property described in the writ. A coal house was built partly on this ground, but such occupancy, under her husband's title, could not be tied to her after-acquired title so that it might be said she was in possession of the land before the institution of the ejectment. We therefore sustain the order of the court below; the habere facias to be executed as to Clara Russell only as to the lands described in the writ of ejectment.

Order affirmed.

HENDERSON and HEAD, JJ., dissent.