## Lacy v. The East Broad Top Railroad and Coal Company

*Samuel H. Stewart*, for plaintiff.

*Himes, Terrizzi & Schock*, for petitioners.

WRIGHT, P. J. (specially presiding), July 22, 1952. —Plaintiff has judgment against defendant in an ejectment action, upon which judgment a writ of habere facias possessionem was issued. The sheriff served this writ not only upon defendant but also upon certain persons in possession, inter alia, I. Cloyd Taylor, John and Anna G. Shoop, Frank and Lillie J. Miller, Saltillo Telephone Company, Lester Kling, and Franklin and Lois Mae Irvin as tenants of Ira Harper. His return does not set forth that these persons claim under de-

fendant. We are here passing upon rules to show cause why the writ should not be set aside as to the persons named.

It is admitted by plaintiff that the persons named were in possession of portions of the premises prior to the commencement of the ejectment action. It further appears that the original writ of ejectment was not served upon these persons, that they were not made parties to the ejectment action, and that their first official notice thereof was by service of the writ of habere facias possessionem. The question involved is whether a plaintiff in ejectment, who has secured judgment against defendant, may eject third parties who were in possession at the time of the issuance of the writ of ejectment, where said third parties were not named defendants, were not made parties to the ejectment action, and it does not appear that they claim under defendant. In our opinion this question must be answered in the negative.

In Hessel v. Fritz, 124 Pa. 229, it was held error to make absolute a rule to show cause why the sheriff should not execute a writ of habere facias where a third party was in possession before the ejectment action, had not been made a party thereto, and did not hold under defendant. The cases of Hessel v. Johnson, 124 Pa. 233, and Nehr v. Krewzberg, 187 Pa. 53, cited by plaintiff, can be distinguished on their facts. A judgment in ejectment does not bind one who does not hold possession under defendant and is not a party to the judgment: McKinney v. Russell, 68 Pa. Superior Ct. 128. And even though the third party comes into possession after the writ of ejectment is issued, the sheriff cannot eject him by writ of habere facias unless he holds under defendant, and the sheriff's return must set forth that fact: Krepps v. Mitchell, 156 Pa. 320. This principle was recognized in Marko v. Mendelowski, 344 Pa. 665.

Pennsylvania Rule of Civil Procedure 1053 (*d*) provides that persons in possession shall be served with the ejectment writ and made parties to the action. This was not done in the present case. It therefore follows that, unless such persons hold under defendant (which does not here appear), they are not bound by the judgment: Anderson Pa. Civil Practice, vol. 3, p. 87. The several rules will therefore be made absolute without prejudice to plaintiff's right to proceed by actions of ejectment.

### Decree

Now, July 22, 1952, in accordance with the foregoing opinion, the several rules granted on the petitions of I. Cloyd Taylor, Alfaretta Shoop, Frank and Lillie J. Miller, Saltillo Telephone Company, Lester and Ruth Kling, and Ira L. Harper are respectively made absolute at plaintiff's cost, and without prejudice to plaintiff's right to proceed by actions of ejectment.