## Losee *versus* McFarland and Wife.

1. Ejectment is a possessory action, and the writ, therefore, should be served on the one in possession, rather than on the one claiming title. Service on a tenant whose lease has expired, but who still holds possession, is good.

2. The possession of the tenant is the possession of the landlord, and while the ejectment may have no effect in determining the question of title as between the plaintiff and lessor, it does determine the right of possession.

November 20th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas of *Crawford county :* Of October and November Term 1877, No. 223.

The proceedings in the court below were as follows :—

Ejectment was brought by Jesse A. Losee against John D. McFarland and wife for a house and lot in the city of Titusville. The writ was served on both defendants, who were about to remove from the premises. Under a rule of court plaintiff filed a brief of title, which set forth that the property had been sold to him as the property of McFarland, under a judgment obtained against the latter. An order was made upon defendants to answer within twenty days, which they failed to do, but a sworn statement was filed by Milton Stewart, claiming title to the property by a conveyance prior to the judgment on which it was sold to the plaintiff, and alleging that at the time of the service of the writ in ejectment the defendants were in possession of the property as his tenants under a lease. Plaintiff moved to strike this statement from the record, which the court refused, and ordered defendants to answer to plaintiff's brief of title, which they did in the terms of the statement made by Stewart. A rule of reference was entered by plaintiff, and an award made in his favor on which judgment was entered. An habere facias issued, which Stewart on an ex parte affidavit procured an order to stay, said affidavit averring that Stewart's two sisters, Eva and Lydia, were the owners of the property prior to

5 NORRIS—3

[Losee *v.* McFarland.]

the entering of plaintiff's judgment against McFarland, and that at the service of the writ of ejectment McFarland and wife were living on the premises as their tenants. A rule was then granted by the court to show cause why the writ of habere facias as to said Eva and Lydia Stewart should not be stayed, which the court subsequently made absolute, which action was assigned for error by the plaintiff, who took the writ.

*Roe Reisinger,* *Thomas Roddy* and *W. R. Bole,* for plaintiff in error.—There is no precedent for staying a writ of habere facias where the landlord had notice of the ejectment: Johnson *v.* Fullerton, 8 Wright 468.

*Roger Sherman* and *Samuel Minor,* for defendants in error.

Mr. Justice GORDON delivered the opinion of the court, January 7th 1878.

Ejectment is a possessory action; hence the writ is served upon the one found in possession, rather than upon the one who may chance to have title.

If the one in possession happens to be a tenant, his landlord may intervene and defend; if he does not choose so to do, and judgment be obtained against the tenant, the landlord cannot then intervene to prevent the plaintiff in the ejectment from taking possession. The possession of the tenant is the possession of the landlord; therefore the ejectment, whilst it may have no effect in determining the question of title as between the plaintiff and the lessor, does determine the right of possession : Johnson *v.* Fullerton, 8 Wright 466.

Now, it is not denied that McFarland was the tenant of Eva and Lydia Stewart; but it is said that, at the time when the writ was served, his lease had expired, and he was about to remove from the premises. To this, however, it is a sufficient answer that the sheriff, when he served the writ, found him still in possession, and of this, in the present controversy, the return is conclusive, and whether McFarland retained the property under the terms of the lease or merely at the sufferance of the Stewarts, nevertheless he was there under them, and hence the judgment in ejectment determined the right of possession against them and in favor of the plaintiff.

Were the rule otherwise it might be impossible to obtain possession, by ejectment, of land held by a tenant, for the landlord, neglecting or refusing to appear and defend, could always, by substituting a new tenant, defeat the plaintiff's writ of possession.

The order of the Court of Common Pleas staying the writ of *habere facias possessionem* in this case is now reversed and set aside.