# The City of Philadelphia, Trustee under the Will of Stephen Girard, deceased, *v.* Ernst Hood, Appellant.

*Ejectment—Due effect to judgment—Act of* 1834.

The manifest purpose of the act of February 1, 1834, P. L. 26, was to give due effect to a judgment in ejectment by protecting the possession given under it to the plaintiff from subsequent intrusion by the defendant or claimants under him, in disregard of the judgment, for a period of three years from the return day of the preceding writ.

*Ejectment—Proceedings under act of* 1834—*Pluries writ of h. f. p.— Practice, C. P.*

Proceedings to enforce judgment under the act of 1834, are in.accord with good practice, where a petition is presented, notice served on defendant and answer filed by him ; depositions taken in pursuance of a rule after due notice.

Where these depositions show title in plaintiff, the ejectment of defendant under a former writ, together with his re-entry and forcible retention of the premises, a rule allowing a pluries writ of h. f. p. was properly made absolute.

The proceeding is in execution of a judgment aiding in the fulfillment of the court's decree. The title to land cannot be tested in this proceeding, and none but the defendant in the ejectment, and those claiming under him, can be affected by it.

*Ejectment—Effect and purpose of proceedings under act of* 1834.

Were it not for the proceedings under the act of 1834, and the limitations placed thereon, a defendant might continue indefinitely his defiance of a judgment in ejectment by setting up one worthless title after another. Such trifling with the administration of justice cannot be tolerated. The ground on which an alias or pluries writ is to issue is the possession given to the plaintiff by the preceding writ, and the subsequent intrusion by the defendant. Proof of this is the "cause shown," on which the plaintiff is entitled to restoration of the fruit of his judgment.

Argued Dec. 10, 1896. Appeal, No. 141, Nov. T., 1896, by defendant, from order of C. P. Schuylkill Co., Nov. T., 1895, No. 375, making absolute rule for pluries writ of h. f. p. with fi. fa. for costs. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Petition for pluries writ of h. f. p. Before PERSHING, P. J.

On November 6, 1895, an amicable action of ejectment filed; judgment entered and a hab. fac. issued and writ stayed. Subsequently an alias hab. fac. issued on which delivery of possession of the premises on November 21, 1895. Defendant subsequently re-entered and took possession of the premises, and forcibly retained possession of the same. Whereupon plaintiff filed the petition for a pluries writ of h. f. p. with fi. fa., under the act of February 1, 1834, P. L. 26, and notice was given to defendant and answer filed and the case heard on petition, answer and depositions, and the rule for the pluries writ made absolute.

Other facts sufficiently appear in the opinion of the Superior Court.

Defendant appealed.

*Errors assigned* were (1, 2) making absolute the rule for pluries writ of habere facias possessionem, with fi. fa. for costs.

*George J. Wadlinger*, with him *Jas. W. Ryan*, for appellant.— Defendant's possession now is under a title separate, distinct and independent of any title or alleged claim of title on the part of the city of Philadelphia. He holds now under the title and possession of Mrs. Kloch, against whom no recovery in ejectment has ever been had by the city of Philadelphia or any other claimant; he holds now under the Mrs. Kloch title and possession never legally disputed in any court; and surely it will not be argued or asserted that Mr. Hood and Mrs. Kloch were not legally competent to enter into the relation of landlord and tenant.

We need not cite authorities to establish that it is the duty of every tenant to defend the title of his landlord.

*S. H. Kœrcher* and *F. Carroll Brewster*, for appellee.

OPINION BY SMITH, J., January 18, 1897 :

The plaintiff having obtained a judgment against the defendant in an action of ejectment, recovered possession of the premises under an alias habere facias possessionem, on November 30, 1895. In the latter part of April, 1896, the defendant, without the permission or knowledge of the plaintiff's representatives, retook possession of the land, and has since claimed the right to retain it as lessee of Elizabeth Kloch under a lease dated April 28, 1896. On June 15, 1896, a petition on behalf of the plaintiff was presented to the court of common pleas of Schuylkill county, asking that a pluries writ issue under the provisions of the act of February 1, 1834, P. L. 26. Upon this petition a rule to show cause was granted ; the defendant filed an answer ; depositions were taken on the part of the plaintiff ; and on September 7, 1896, the rule was made absolute. From this order the defendant appeals.

The act of February 1, 1834, is as follows : " Whereas inconvenience frequently occurs to plaintiffs in ejectments, from the re-entry of the defendants, or persons claiming under them, on the lands recovered, after the execution and return of the writ of habere facias possessionem, and the plaintiffs are obliged to resort to a new ejectment, and it is proper to render recoveries in ejectment more effectual : Therefore, it shall be the duty of the court, in which a judgment in ejectment shall be recovered, on the application of the plaintiff, his agent or attorney, and on cause shown, to award alias and pluries writs of habere facias possessionem, from time to time, notwithstanding any or all preceding writs may have been returned executed ; and the additional costs shall be taxed and collected in the usual manner : Provided, that such application shall be made within three years after the return day of the preceding writ."

The manifest purpose of the statute was to give due effect to a judgment in ejectment by protecting the possession given under it to the plaintiff from subsequent intrusion by the defendant or claimants under him, in disregard of the judgment, for a period of three years from the return day of the preceding writ. As a matter of fact there has been a " re-entry by the defendant " in this case, within the terms of the act of assembly, and the plaintiff was, therefore, prima facie entitled to the writ. The defendant avers in his answer that he is not in possession of

the premises under the lease from the plaintiff upon which the judgment in ejectment was entered, but that he holds under Elizabeth Kloch, who claims the land by virtue of a deed from Benjamin K. Yost and wife dated January 15, 1869; and against this proceeding he sets up the title thus derived. The power of the court to make the order complained of is thus challenged.

Prior to the act of April 13, 1807, parties claiming the right to possession of real estate might bring as many actions of ejectment as they chose, against those in possession, the proceeding being distinctively a possessory action. This statute set a limit to alternating actions, by providing that where two verdicts are given in favor of the same person no new ejectment shall be brought by the defeated party. And in order to still further expedite the settlement of titles, under subsequent enactments a person in possession under a judgment in ejectment may rule the defeated party to bring a writ of error or a second ejectment within a specified time, in default of which such party will be forever debarred from proceeding with another ejectment. The act of 1834 is in line with the aim of this legislation, and serves to prevent the forcible acquisition or retention of the possession of real estate, after the right thereto is lost by verdict and judgment. While the proceeding under this statute may, in a certain sense, be regarded as of a summary character, its purpose is so manifestly just that we are not inclined to hamper its free operation by a construction so strict as to defeat its object, and thus perpetuate the evil it was designed to remedy.

The case in hand well illustrates the utility of the statute. The defendant held possession of the premises in dispute for two years under a lease from the plaintiff. Though notified to quit at the end of his term, he refused to vacate, and the plaintiff was obliged to proceed by action of ejectment to get possession. Being forced off the premises by legal process, the defendant took a lease of the same land from a third person, re-entered without the knowledge of the plaintiff's agent, and, under color of this alleged title, now seeks to continue in possession notwithstanding the statute and the established right of the plaintiff, as against him, to the possession of the premises. Without the remedy here invoked, the plaintiff would

be driven to a new action of ejectment, with its consequent delay and expense.

The proceedings here seem to accord with good practice. A petition was presented asking for the writ, notice of this was served on the defendant, and an answer was filed by him. Depositions were taken in pursuance of a rule for that purpose, after due notice to the defendant. These depositions show title in the plaintiff to the premises in dispute, and that the boundary line of Mrs. Kloch's land is some fifty rods distant. The possession of the defendant under the lease from the plaintiff, and his ejectment under a former writ, were shown, together with his re-entry and forcible retention of the premises. It further appeared that he defied the plaintiff's agent, and said he would take as much ground as he pleased. None of this was denied by the defendant, and he offered no proof of the right of Mrs. Kloch or himself further than that which is set up in his answer.

It must be remembered that the proceeding under the act of 1834 is in execution of a judgment, aiding in the fulfillment of the court's decree. The title to land cannot be tested in this proceeding, and none but the defendant in the ejectment and those claiming under him can be affected by it. The court is to inquire whether the parties are within the purview of the act and decide accordingly. To extend the examination beyond an inquiry into the fact of the previous adjudication, and the identity of the parties and the subject-matter, and to permit the defendant or one claiming under him to set up a different title, and hold possession until its merits could be determined in a fresh action, would wholly defeat the purpose of the statute. If this were permitted, the defendant might continue indefinitely his defiance of the judgment in ejectment by setting up one worthless title after another. Such trifling with the administration of justice cannot be tolerated. Upon the execution of a writ of habere facias, the plaintiff is to be regarded as lawfully in possession; and if the defendant, or one claiming under him, alleges a better title than that on which the plaintiff recovered, he must establish it in an action of ejectment, instead of attempting to assert it through an intrusion in disregard of the adjudication against him. The ground on which the alias or pluries writ is to issue is the possession given to the plaintiff

by the preceding writ, and the subsequent intrusion by the defendant. Proof of this is the "cause shown," on which the plaintiff is entitled to restoration of the fruit of his judgment.

The appeal is dismissed at the cost of the appellant, with leave to the appellee to proceed with the execution of its writ.