## James C. Noyes et al. v. John K. Brooks and David Brooks, Appellant.

*Ejectment—New title set out by defendant—Execution.*

Where defendant's title has been settled adversely, by an action in eject-
ment, he may not set up, to restrain a writ of habere facias, a lease, sub-
sequently made by the alleged owner of an undivided fourth part of the
premises who was not a party defendant in the ejectment. He must first
surrender possession to the plaintiff in the ejectment and then try his new
title by an ejectment in which he would be the plaintiff.

Submitted Feb. 16, 1899.    Appeal, No. 19, Feb. T., 1899, by
David Brooks and Sidney F. McCormick from order of C. P.
Clinton Co., Sept. T., 1895, No. 38, dismissing petition to sus-
pend action on writ of hab. fac. poss.    Before RICE, P. J.,
BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER
and BEEBER, JJ.    Affirmed.    Opinion by BEAVER, J.

Petition to suspend the action of the sheriff on a writ of
habere facias possessionem.    Before MAYER, P. J.

The facts sufficiently appear from the opinion of the court
below :

This was an action of ejectment brought against John K.
Brooks and David Brooks to recover possession of a piece of
land in Leidy township.    The case was tried in court and on
the 5th day of October, 1896, a jury rendered a verdict in favor
of the plaintiffs for the land described in the writ, to be released
on the payment of the sum of $616 in twenty-four months, with
interest.    The terms of the verdict not having been complied
with, the plaintiffs, by leave of court, issued a writ of habere
facias possessionem and placed it in the hands of the sheriff for
execution.    The land in controversy was purchased by Thomas
Brooks, who lived upon it, until his death, leaving to survive
him his widow and five children—John K. Brooks, and David
Brooks, the defendants in this action of ejectment, Bodine
Brooks, James Brooks and William Brooks.    John K. Brooks
and wife, James Brooks and wife, and David Brooks and wife,
by their deed dated March 29, 1895, conveyed the tract of land
described in the writ to W. C. Holahan and C. S. McCormick,

who, by deed dated August 19, 1895, conveyed the same to Sidney F. McCormick. [Sidney F. McCormick and David Brooks have presented their petition to have the writ of habere facias possessionem set aside, alleging that they are in possession under James Brooks who was not a party to the action of ejectment, and has not become a party subsequent to the bringing of the suit. This position is untenable and cannot be successfully maintained. While it is true that only two of the heirs of Thomas Brooks, to wit: Thomas K. Brooks and David Brooks, were in possession of the land when the action of ejectment was brought, yet all the children of Thomas Brooks are in privity of title with him and claim title under their father, Thomas Brooks, and are concluded by the verdict.] [1]

[The plaintiffs are entitled to have the writ of habere facias possessionem executed and to be put in possession of the land described in the writ.] [2]

Petition dismissed. David Brooks and Sidney F. McCormick appealed.

*Errors assigned* were (1, 2) to the holdings of the court, reciting same.

*C. S. McCormick*, for appellants.—As the titles of tenants in common are distinct, the recovery by one of an undivided share will not in any way, whether by stopping the running of the statute of limitations, or otherwise, be of any service to his cotenants: Gilman v. Stetson, 18 Me. 428; and the disability of one tenant in common will not in any way prevent the running of the statute against another: Doolittle v. Blakesley, 4 Day, 265: 3 Leading Cases on American Law of Real Property, 66.

The action of ejectment having been only against two of the tenants in common, and the petitioners having been in possession under the third tenant in common, whose interests were not adjudicated in the trial which resulted in the judgment, they cannot be effected by the judgment in ejectment; and all that the plaintiffs in the ejectment are entitled to recover, is the title and interest of the two defendants in the action: Arnold v. Cessna, 25 Pa. 34.

When the recovery in ejectment is of an undivided part of the premises, the sheriff must put the plaintiff into actual pos-

session thereof along with the defendant: Ash v. McGill, 6
Whart. 391.

In this case there is no controversy as to the ownership and
right of possession of the undivided one-fourth interest of James
Brooks in the lands for which the action of ejectment is brought.
It therefore seems to us to be the plain duty of the court to
control the execution of the writ in accordance with the prayer
of the appellants in the court below.

*Seymour D. Ball*, for appellees.—It is an old rule in such cases
that wherever a landlord means to take defense, he ought to
make himself party on record before judgment: Clayton's Lessee
v. Alshouse, 2 Dal. 150; Losee v. McFarland, 86 Pa. 33.

It has been expressly decided, where a rule had been granted
on the sheriff to execute a writ of habere facias and on petition
for an order upon the sheriff to execute such a writ, that, after
judgment in ejectment, the sheriff will be ordered to proceed
to execute such writ in favor of the plaintiffs, although a third
person intervenes to prevent such execution: Kelly v. Northrop,
159 Pa. 537; Monongahela V. C. M. Association v. Patterson,
96 Pa. 469.

These last cited cases are similar to the case now before the
court, and with what is said in Losee v. McFarland, 86 Pa. 33,
ought to rule it.

OPINION BY BEAVER, J., April 17, 1899:

In an equitable ejectment regularly brought and writ regu-
larly served, a judgment was regularly entered upon the verdict
of a jury after trial. A writ of habere facias possessionem was,
upon application to the court, allowed, which one of the defend-
ants, in common with his alleged landlord, seeks to restrain or
to limit as to one fourth of the property involved, upon the
ground that subsequently to the judgment in ejectment, he
became the tenant of Sidney F. McCormick who held the title
to the undivided fourth part of the premises, the right to the
possession of which was settled in the ejectment, by the convey-
ance from James Brooks, who was not served, and, so far as the
record shows, was not represented at the trial. The petition
was dismissed by the court below and from that decree this
appeal is taken.

The judgment in ejectment settled the right to the possession, so far as David Brooks was concerned. Whatever title he had at the time of the trial he was bound to assert. He could not acquire a title subsequently so as to use it to defeat the judgment rendered against him: Phila., Trustee, v. Hood, 3 Pa. Superior Ct. 373. His new title or a right to the possession based thereon could not be tried upon an application to stay the writ of execution. He must first surrender the possession to the plaintiff in the ejectment and then try his new title by an ejectment in which he would be the plaintiff.

Nor is his landlord wronged thereby. In Johnson v. Fullerton, 44 Pa. 466, in which, after judgment in ejectment and writ of habere facias issued, an independent title was set up by the wife of the defendant, it was said: "The landlord cannot after judgment and execution claim a writ of restitution, though he was not heard. His title is not affected by the proceeding, though his possession is." The landlord's title to the interest of James Brooks cannot be tried in this collateral way. If it be superior to that of the plaintiffs, he has his remedy by ejectment, but he cannot use the possession of one of the defendants in the ejectment to secure a possession which he did not have prior to the judgment. If it be said that he had the possession through David Brooks at the time the ejectment was brought, then he is bound by the judgment therein. If he was not in possession, he cannot place himself in the position of a party in possession by making a lease to David Brooks after judgment in ejectment for the same premises for which judgment was rendered against the latter: Losee v. McFarland, 86 Pa. 33.

The decree of the court below is affirmed and the appeal dismissed at the costs of the appellant.