## Lawrence County National Bank to use *v.* Gray, Appellant.

*Principal and surety—Judgment—Judgment note—Husband and wife.*
Where a surety on a judgment note pays the note after default by the principal upon the maturity of the note, he may have the note entered up to his own use, and the wife of the principal without authority from the husband, and without interest on the note, has no standing to apply to the court to have the judgment stricken off.

Argued May 13, 1903. Appeal, No. 125, April T., 1903, by defendant, from order of C. P. Lawrence Co., March T., 1903, No. 137, discharging rule to strike off judgment in case of National Bank of Lawrence County to use of H. G. Kimmich v. William H. Gray. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to strike off judgment.
The opinion of the Superior Court states the case.

*Error assigned* was order discharging the rule.

*A. W. Gardner,* for appellant.

*W. H. Falls,* with him *E. M. Underwood,* for appellee.

PER CURIAM, May 22, 1903:

This is an appeal from an order discharging a rule to show cause why a judgment entered against William H. Gray upon a note with warrant of attorney for confession of judgment signed by him and H. G. Kimmich, the use-party, should not be vacated, set aside and stricken off. The rule was granted upon the petition of the wife of William H. Gray. It was alleged in the answer that H. G. Kimmich was surety on the note, and, having paid it, took an assignment to himself. The general rule is well settled that if a surety has paid the debt he is entitled to all the securities the creditors had against the principal debtor. Where the security is a judgment note we are by no means willing to hold that in order to obtain the benefit of it the surety who has paid the debt must enter judgment against himself. But apart from this, the judgment was in personam, it affected no right of the defendant's wife, and there is no allegation in the petition that she had any authority to appear for him to contest it. She being a stranger to the record, the court might well have refused to entertain the petition, and certainly committed no error in discharging the rule. The case of Johnson v. Fullerton, 44 Pa. 466, relied on by the appellant's counsel, has no application to the facts of this case.

Order affirmed and appeal dismissed at the appellant's costs.