Marko, Appellant, v. Mendelowski.

666

Argued March 24, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*James L. Kennedy,* for appellant.

*Carroll Caruthers,* with him *Harry W. Crum,* for appellee.

OPINION BY MR. JUSTICE LINN, April 13, 1942:

In 1930 Mary Marko brought ejectment against Pauline Mendelowski for a certain lot of ground in Lower Burrell Township, Westmoreland County, and obtained a verdict. A new trial was awarded.* In 1936, the case was retried and the plaintiff again obtained a verdict. Motions for judgment n. o. v. and for a new trial were made but were not disposed of by the court below until September 25, 1941, when judgment was entered on the verdict. In November, 1941, a writ of habere facias possessionem issued. Thereafter, J. Mandel, step-son of the defendant Pauline Mendelowski, presented a petition asking leave to intervene and that the writ be quashed on averments that in July, 1938, he had purchased the property at a county treasurer's sale for taxes and in 1940 leased it to Pauline Mendelowski, defendant in the ejectment, and her husband, the father of petitioner. On that petition the court stayed the proceedings on the writ for possession "until the petitioner, J. Mandel, and the respondent, Mary Marko, now Mary

---

* Affirmed 313 Pa. 46, 169 A. 99.

Micklish, shall have an opportunity to present to the Court proofs as to whether J. Mandel or Mary Marko, now Mary Micklish, is entitled to possession of the premises." Intervention, at the time the petition was filed was governed by Rules of Civil Procedure 2326 to 2350.

Rule 2329 provides: "Upon the filing of the petition and after hearing, of which due notice shall be given to all the parties, the Court, if the allegations of the petition have been established and are found to be sufficient, shall enter an order allowing intervention; but an application for intervention may be refused, if . . . (3) the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties."

Petitioner waited three years and four months (less a week) after the treasurer's sale to attempt to intervene. His petition shows no reason for this delay. It is obvious that the petition was unduly delayed and for that reason should have been refused in the circumstances stated.

It appears that when the writ was placed in the sheriff's hands for execution, the defendant, Pauline Mendelowski, against whom judgment was entered, was in possession. Petitioner's averment that her husband is now in possession with her is, for present purposes, immaterial: compare *Johnson v. Fullerton*, 44 Pa. 466, 468.

Petitioner relies on *Krepps v. Mitchell, Thompson's Appeal*, 156 Pa. 320, 27 A. 161, and cases following it, but the principle applied is inapplicable in this case. In that case, the sheriff returned that he had ejected Richie, who was not a defendant and who did not hold under the defendant in the ejectment but under Thompson whose petition to intervene had been denied. In the present case Pauline Mendelowski was in possession when the sheriff received the writ. If her step-son, the petitioner, has a title superior to plaintiff's, he must establish it in

668

the usual way. *Johnson v. Fullerton,* supra; see also, *Noyes v. Brooks,* 10 Pa. Superior Ct. 250; *Philadelphia v. Hood,* 3 Pa. Superior Ct. 373; *Brackin v. Welton Engineering Co.,* 283 Pa. 91, 128 A. 818. In *Fox v. Watts,* 1 Campbell 81, Justice READ, sitting at nisi prius, considered the subject.

If the challenged order be considered as an indefinite stay of the writ, it is appealable (compare *Patterson v. Patterson,* 27 Pa. 40) and if it be considered as an injunction granted on the application of one not a party to the ejectment, it is appealable pursuant to Section 1 of the Act of February 14, 1866, P. L. 28, 12 PS section 1101, authorizing appeals "in all cases, in equity, in which a special injunction has been, or shall be, granted by any court of common pleas." The motion to quash the appeal is refused.

The order appealed from is reversed; the record is remitted to the end that the sheriff may execute his writ; costs to be paid by petitioner, J. Mandel.