## Hollinger v. Lynch

538

*Herbert O. Schaeffer*, for plaintiff.

*Walter F. Miller* and *Earl Handler*, for petitioner.

RUPP, J., December 6, 1944.—This matter comes before us on the petition of Sarah H. Lynch and rule granted thereon to open a judgment in ejectment entered and confessed against her husband, James H. Lynch, in an amicable action pursuant to the provisions contained in a written lease and to stay the writ of habere facias possessionem issued thereon.

The record consists of petition, answer, and depositions and discloses that respondent, William M. Hollinger, drew an agreement for the sale of premises numbered 1339 North Fifteenth Street, Harrisburg, Pa., to James H. Lynch and his wife under certain conditions therein set forth.

From the record it further appears that on November 9, 1942, the agreement was executed in duplicate by Mr. Lynch and Mr. Hollinger in the latter's office, that Mr. Hollinger retained a copy of the agreement, and that the original was taken by Mr. Lynch to his wife, who executed it in their home and kept it. Possession of the premises was taken by Mr. and Mrs. Lynch under the agreement.

Pursuant to the agreement, Mrs. Lynch paid Mr. Hollinger $550 on account of the purchase price in the form of two personal checks, one representing a down payment in the amount of $500 and the other a payment on account in the sum of $50.

Subsequently, Mr. and Mrs. Lynch had marital difficulties, and on January 1, 1944, Mr. Lynch left their common habitation at 1339 North Fifteenth Street. However, prior thereto, on December 1, 1943, he "gave

up any right, title or interest he may have had in said premises by virtue of said agreement and entered into a written lease with said William M. Hollinger for the leasing of said premises on a month-to-month basis at a monthly rental of $50".

It was pursuant to the authority contained in that lease that judgment was entered against Mr. Lynch alone, Mrs. Lynch not being a party to the lease and not having any knowledge of its execution until some months later when demand for possession of the premises was made.

It is the contention of petitioner that she was a party to the agreement of sale, that she took possession of the premises thereunder, and that she cannot now be dispossessed by reason of the aforementioned conduct of her husband.

Respondent contends (1) that Mrs. Lynch was not a party to the agreement; and (2) that if she were a party a married woman cannot interpose a defense of superior title in herself in an action of ejectment against her husband.

We shall consider the second contention first. To say the least, it is novel and is not supported by the authorities cited by respondent, the one chiefly relied upon being Johnson v. Fullerton, 44 Pa. 466 (1863).

That case arose after possession was delivered by the sheriff to plaintiff pursuant to a writ of habere facias possessionem whereby Mrs. Fullerton was dispossessed of property allegedly belonging to her, although her husband, but not she, was a party to the judgment on which the property was sold and to the ejectment proceeding.

On petition of Mrs. Fullerton, a rule was granted to show cause why what was then known as a writ of restitution should not be awarded and in the meantime proceedings on the writ of habere facias possessionem stayed as against her. The court below made the rule absolute and awarded a writ of restitution under which fendant.

possession of the property was delivered to Mrs. Fullerton.

In its affirming opinion, the Supreme Court used the following language (p. 468), relied upon by respondent, regarding the propriety of ejecting Mrs. Fullerton from land which she claimed to be her own on a judgment against her husband:

"But then the wife claims that this land is her own, and that she ought not, therefore, to be ejected on a judgment against her husband. Why not? A judgment against him is a judgment against him and all his family and servants, and against all tenants under him who have entered after the suit was brought—otherwise it would be good for nothing; for if any one of his family may retain the possession, he or she may cover the possession of all the others. The husband is the head of the family, and a judgment against him is necessarily against them all, and is executed against them all. It is his duty to defend the possession of the family, and if he fails to do so, the family must go out with him . . ."

However, the Supreme Court continued:

"It would breed great confusion and uncertainty, if a family, or one of them, could evade the execution of such a judgment against the head of the family, by setting up a claim of one of its members, and asking that claim to be tried on a motion for restitution. The old and usual rule already referred to, is better. And it does no wrong, for the head may defend by the right of any of its members. *And if he neglect to do so, the rightful members may appear to defend; and even after judgment, and within a reasonable time, may apply to have the judgment opened and a defense allowed.*" (Italics supplied.)

Thus, it is perfectly clear that, while in the foregoing case the Supreme Court found that a wife may be subject to ejectment from property belonging to her on a judgment against her husband alone, it also upheld her

right (if her husband fails in his duty to do so) to defend her possession by asserting her title, even after the entry of judgment. See also Lewis v. Brewster, 57 Pa. 410 (1868).