Lietka, (to use, Appellant,) *v.* Hambersky et al.

Argued April 11, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Carroll Caruthers,* appellant, in propria persona.

*William D. Henning,* for appellee.

OPINION BY HIRT, J., July 20, 1950:

In the performance of a contract between the parties, plaintiff had installed plumbing and plumbing fixtures

in a new house then in the course of construction on the land of the defendant, Eugene Hambersky. He contracted directly with Hambersky and was not a subcontractor. On August 13, 1948, plaintiff filed a mechanic's lien against Hambersky's land in the sum of $1,141.18, alleged to be the amount due and unpaid after full performance of his contract. The validity of the lien was not questioned on technical or other grounds. A writ of scire facias issued and thereafter the lien was assigned to Hambersky's counsel, Carroll Caruthers, who as use-plaintiff, is the present appellant. After due service of the writ of scire facias on the defendant, judgment for the use-plaintiff was entered for want of an affidavit of defense in that proceeding, on October 11, 1949, for the above amount. On the same day levari facias issued on the judgment and pursuant thereto the real estate described in the lien was advertised to be sold on November 18, 1949.

On November 17, 1949, C. J. Hauser and Harry Hauser, trading as Hauser Brothers, presented their petition to the lower court alleging that they had constructed the building on the premises, under a separate contract with defendant Eugene Hambersky, and that they had brought an action in assumpsit against him to recover the balance of $7,650 due them on their contract. They alleged "That grave injustice will be done the petitioners and they will suffer great financial loss should said Sheriff Sale proceed" and they prayed for a stay of the sale on the present judgment until after final disposition of their pending assumpsit action. They were not parties to this proceeding but, nevertheless, the court on the above general allegation, stayed the sale on the levari facias as prayed for.

The order, since it stayed the sale indefinitely, was appealable. Cf. *Marko v. Mendelowski*, 344 Pa. 665, 25 A. 2d 692. A stay of execution process, indefinitely, might result in wholly defeating a plaintiff's right to

collect his judgment. Such order therefore is final and reviewable on appeal. *Stofflett v. Kress et ux.*, 342 Pa. 332, 21 A. 2d 31; *Pontius v. Nesbit et al.*, 40 Pa. 309.

The lower court, in staying the sale, undoubtedly was familiar with facts advanced at the argument which do not appear of record and was impressed with the argument that the present use-plaintiff, who also represents Eugene Hambersky in the assumpsit action, is here attempting to sell his client's property on execution to put it beyond the reach of Hauser Brothers in their effort to enforce payment of the balance due them on their building contract. But the court in this instance was without authority to act on their petition, for the reason that Hauser Brothers were strangers to the proceeding. "Before one, not a party of record, can be heard to challenge the judgment or decree, [or, as in this case, the execution process issued thereon] he must obtain leave to become a party by application based on sufficient ground": *Jordan's Petition*, 331 Pa. 270, 1 A. 2d 152; *Freeman v. Behrman et al.*, 161 Pa. Superior Ct. 564, 55 A. 2d. 881. Since these appellees did not ask to intervene and did not become formal parties to the proceeding, the order of the lower court must be reversed.

Reversal of the present order, however, will not necessarily bar Hauser Brothers from equitable relief under the circumstances. By compliance with Rules of Civil Procedure, 2329 et seq., they may still be allowed to intervene in this proceeding. Cf. *Arzinger et al. v. Baughman et al.*, 348 Pa. 84, 34 A. 2d 64. They do not attack the present judgment but seek to look to defendant's land, as the plaintiff has done, for payment of the amount due on their construction contract. Facts, asserted at the argument in this appeal without contradiction, if supported, would seem to entitle these appellees to intervene, on compliance with the above Rules of Civil Procedure. By reason of the unusual situation

presented, they may be entitled to be subrogated to plaintiff's rights and to an assignment of the present judgment upon payment of the debt, interest and costs. To invoke the principle a party need not necessarily be a junior mortgagee, judgment creditor or other encumbrancer in order to protect his own interest out of an estate by subrogation to the rights of a senior encumbrancer. *Hopkins Mfg. Co. v. Ketterer,* 237 Pa. 285, 85 A. 421; 50 Am. Jur., Subrogation, §23; and Restatement, Restitution, §§104, 162, are of like effect. The equitable doctrine of equitable assignment, "which is a particular application of the broad principle of subrogation, is enforced whenever the person making the payments stands in such relations to the premises or to the other parties that his interests, recognized either by law or by equity, can only be fully protected and maintained by regarding the transaction as an assignment to him, and the lien . . . as being kept alive, either wholly or in part, for his security and benefit.": IV Pomeroy's Equity Jurisprudence, §1211.

Judgment reversed.