Foster, Appellant, *v.* Rubenstein.

Argued November 16, 1955. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*M. Wolf*, with him *Earl V. Compton, Franklin H. Spitzer, Jr., Wolf, Block, Schorr & Solis-Cohen* and *Compton, Handler & Berman*, for appellants.

*William Fearen*, with him *Herbert O. Schaeffer*, for appellee.

OPINION PER CURIAM, November 28, 1955:

Plaintiffs instituted in the Court of Common Pleas of Dauphin County in August, 1953, proceedings in equity to enjoin defendant from engaging in certain business activities; defendant requested an accounting and such proceedings are now pending. In October, 1954, plaintiffs entered judgment by confession on a bond accompanying a mortgage on defendant's property in Perry County. Defendant obtained a rule to show cause why the judgment should not be opened and execution thereon stayed until the final determination of the proceedings in Dauphin County. The Court of Common Pleas of Perry County continued the rule and stayed all proceedings pending final decision of the Dauphin County Court. Plaintiffs appeal from that order.

Defendant has moved to quash the appeal on the ground that it is interlocutory. The motion is overruled because an indefinite stay of execution is final and appealable: *Stofflett v. Kress*, 342 Pa. 332, 334, 335, 21 A. 2d 31, 32; *Marko v. Mendelowski*, 344 Pa. 665, 668, 25 A. 2d 692, 693, 694; *Lietka v. Hambersky*, 167 Pa. Superior Ct. 304, 306, 307, 74 A. 2d 698, 699.

As to the merits of the appeal, the question is not whether the Court of Common Pleas of Perry County had *jurisdiction* to make the order now appealed from; it undoubtedly had such jurisdiction. The real question is whether the order was proper under the circumstances. Whether realization on the lien on the property in Perry County should be stayed pending the conclusion of the equity proceedings in Dauphin County— or until any particular stage thereof—can best be determined by the Dauphin County Court which has full control of the major controversy between the parties, the judgment being merely security for the payment of whatever may be owing by defendant to plaintiffs. Pending the proceedings before it, that Court has, of course, jurisdiction to enjoin plaintiffs from proceeding on the judgment in Perry County to whatever extent it may deem necessary or desirable.

We therefore make the following

ORDER

The order of the Court below is reversed, without prejudice to the right of defendant to petition the Court of Common Pleas of Dauphin County to enjoin plaintiffs from execution on the judgment entered in Perry County until such time as the said Court may direct.